# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

---

**BYRON CLEMONS**,

        Plaintiff,                                Case No.
                                                                   Hon.

vs.

**SERGEANT AARON MILLER**,
individually and in his official capacity.

_____/

| | |
|---|---|
| Joshua A. Blanchard (P72601) | D. Todd Diederich (P57429) |
| Melissa Freeman (P80075) | Co-Counsel for Plaintiff |
| **BLANCHARD LAW** | PO Box 727 |
| Attorneys for Plaintiff | Harrison, MI 48625 |
| 309 S Lafayette St., Ste 208 | 989-630-0408 |
| PO Box 938 | |
| Greenville, MI 48838 | |
| 616-773-2945 | |
| josh@blanchard.law | |

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

    **NOW COMES** the Plaintiff, Byron Clemons, by and through counsel, and for his complaint against Defendant states as follows:

### JURISDICTION AND VENUE

1. This is a civil action seeking damages against defendant for committing acts under color of law, and depriving plaintiff of

1

rights secured by the Constitution and laws of the United States.

2. At all relevant times, Defendant Aaron Miller was acting in his capacity as a duly appointed deputy sheriff for the Clare County Sheriff, John Wilson, in the County of Clare, State of Michigan.

3. At all relevant times, Defendant was acting within the scope of his employment under color of law, cloaked with the authority which was granted to him.

4. At all relevant times, Defendant Miller was an employee of Clare County.

5. At all relevant times, John Wilson was the duly elected sheriff of Clare County.

6. Clare County is a county organized under the laws of the State of Michigan.

7. This cause of action arose in the County of Clare, State of Michigan. Venue is proper pursuant to 28 U.S.C. §1391.

8. The Court has jurisdiction of this action under 42 U.S.C. §1983 and under 28 U.S.C. §1343.

9. The jurisdiction of this Court is further invoked pursuant to 28 U.S.C. §1331.

10. Plaintiff is a citizen and resident of the State of Michigan and a citizen of the United States.

11. At all times material to this Complaint, the defendant acted toward plaintiff under color of the statutes, ordinances, customs and usage of the State of Michigan and County of Clare.

**COMMON ALLEGATIONS OF FACT**

12. While acting in his capacity as a deputy and sergeant of the Clare County Sheriff, Defendant Miller deprived Plaintiff of his right to be free from the use of excessive force against him by government agents, thereby depriving Plaintiff of his rights, privileges, and immunities as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States.

13. Defendant Miller is a police officer with the Clare County Sheriff's Department.

14. On January 5, 2018, Plaintiff had been arrested and taken to the Clare County Jail.

15. Defendant Miller assisted jail staff with walking Plaintiff into the jail.

16. Defendant Miller was one of Plaintiff's arresting officers.

17. Prior to arriving at the Clare County Jail and at all relevant times after arrival at the jail, Plaintiff was handcuffed with his hands behind his back.

18. After arriving at the jail, Plaintiff was walked into the jail and began going through the booking process at the jail following his arrest.

19. While inside the jail, Plaintiff asked for the encounter to be recorded on video camera because he did not want to be mistreated.

20. Defendant Miller was equipped with a body camera.

21. Defendant Miller turned on his body camera and pointed it at Plaintiff saying, "I got one right here."

22. Defendant Miller immediately escalated the situation, yelling for Plaintiff to stand up three times within four seconds.

23. Plaintiff was then forcefully grabbed by Corrections Officers Nokes, Webster, and Defendant Miller and walked to a restraint chair.

24. Plaintiff was pushed by Deputy Miller and others into a seated position in the restraint chair with his hands still handcuffed behind his back.

25. While being pushed into the restraint chair, someone stated, "Now we're going to play games." to which Plaintiff replied, "I didn't do nothing."

26. With at least four officers holding him down in the restraint chair, Plaintiff sat and remained handcuffed behind his back.

27. Plaintiff did not move, but Defendant Miller repeatedly screamed "relax."

28. One officer, with a hand firmly on Plaintiff, stated, "Sit back."

29. Plaintiff was sitting back in the chair with multiple officers holding him down.

30. Defendant Miller stated, "Relax or you're getting tased."

31. Less than two seconds later, Defendant Miller applied an electric shock to Plaintiff by "drive stunning" Plaintiff's right upper thigh with his taser.

32. Plaintiff yelled that his arm was stuck, but rather than address Plaintiff's stuck arm, Defendant Miller threatened to shock Plaintiff again.

33. Twice more, Plaintiff yelled that he was stuck, but Defendant Miller continued to threaten to shock Plaintiff with a taser again.

34. Although Plaintiff was being held down by at least five deputies, Defendant Miller yelled for Plaintiff to relax.

35. Defendant Miller tased Plaintiff a second time, longer than the first.

36. Plaintiff was yelling and indicating his arms were stuck but did nothing to resist the officers.

37. Defendant Miller screamed at Plaintiff, saying "Relax, quit resisting."

38. Plaintiff was not physically resisting the officers.

39. Plaintiff was not attempting to flee or escape custody.

40. Plaintiff was not posing a physical threat to officers.

41. Defendant Miller did not provide Plaintiff with a command which was capable of being complied with.

42. After being tased twice, Plaintiff received the first order to "Sit forward."

43. Once Defendant Miller had ceased his escalation, the jail staff was able to secure Plaintiff in the restraint chair without issue.

44. Both times that Defendant Miller used a taser on Plaintiff, Plaintiff's arms were secured behind his back in handcuffs and Plaintiff was being physically restrained by jail deputies.

## COUNT I – FOURTH AMENDMENT VIOLATION (EXCESSIVE FORCE)

45. Plaintiff alleges and realleges the preceding paragraphs with the same force and effect as if fully set forth herein

46. Plaintiff's constitutionally protected rights include the right to be free from the use of excessive force against him by

5

government agents, including Defendant, and unreasonable seizures as provided for by the Fourth Amendment, made actionable by 42 U.S.C. §1983.

47. Defendant's use of a Taser and physical force against Plaintiff as described above constitute excessive force in violation of Plaintiff's Fourth Amendment rights.

48. It is clearly established that there is no need for force where a detainee is handcuffed, non-threatening, and not trying to flee.

49. Reasonable police officers should have known of these rights, and therefore, Defendant is not cloaked with qualified immunity.

50. As a direct and proximate result of Defendant's actions, Plaintiff suffered a loss of his liberty, experienced pain and suffering, suffered humiliation, and other damages.

**WHEREFORE**, Plaintiff requests this Court enter Judgment against Defendants, jointly and severally, in whatever amount is fair, just, and equitable for the injuries and damages, compensatory and punitive, so wrongfully sustained by Plaintiff together with interest, costs, and attorney fees under 42 USC §1988.

### COUNT II—FOURTEENTH AMENDMENT VIOLATON (EXCESSIVE FORCE)

51. Plaintiff alleges and realleges the preceding paragraphs with the same force and effect as if fully set forth herein

52. Plaintiff's constitutionally protected rights include the right to be free from the use of excessive force against him by

6

government agents, including Defendant, while in pretrial detention as provided for by the Fourteenth Amendment, made actionable by 42 U.S.C. §1983.

53. The excessive force Plaintiff suffered at the hands of Defendant Miller was not rationally related to a legitimate governmental objective or it was excessive in relation to that purpose.

54. The excessive force used on Plaintiff was a deliberate act intended to chastise or deter and imposed for the purpose of punishment.

55. The amount of force used was not objectively reasonable.

56. The amount of force used did not stem from a legitimate interest of the government to manage the facility in which Plaintiff was detained.

57. The amount of force used was not necessary to preserve internal order and discipline or to maintain institutional security.

58. Defendant Miller's actions shocked the conscience as he was deliberately indifferent to Plaintiff's federally protected rights after a reasonable opportunity to deliberate.

59. The right to be free from excessive force as a pretrial detainee in the booking process is clearly established.

60. It is clearly established that there is no need for force when a detainee is handcuffed, non-threatening, and not trying to flee.

61. Reasonable police officers should have known of these rights, and therefore, Defendant is not cloaked with qualified immunity.

62. As a direct and proximate result of Defendant's actions, Plaintiff suffered a loss of his liberty, experienced pain and suffering, suffered humiliation, and other damages.

**WHEREFORE**, Plaintiff requests this Court enter Judgment against Defendants, jointly and severally, in whatever amount is fair, just, and equitable for the injuries and damages, compensatory and punitive, so wrongfully sustained by Plaintiff together with interest, costs, and attorney fees under 42 USC §1988.

## JURY DEMAND

Plaintiff requests a jury for all issues so triable in this case.

Respectfully submitted,

Dated: May 12, 2020         /s/Joshua A. Blanchard
                            Joshua Blanchard (P72601)
                            **BLANCHARD LAW**
                            309 S. Lafayette St., Ste 208
                            PO Box 938
                            Greenville, MI 48838
                            (616) 773-2945
                            (616) 328-6501 (fax)
                            josh@blanchard.law